**RIO REFRIGERATION COMPANY,**
Appellant,

v.

**THERMAL SUPPLY OF HARLINGEN,
INC., Appellee.**

No. 14087.

Court of Civil Appeals of Texas.

San Antonio.

May 1, 1963.

Rehearing Denied June 5, 1963.

Polk Hornaday, Harlingen, for appellant.

Johnson, Hester, Jenkins & Toscano, Harlingen, for appellee.

BARROW, Justice.

This suit was filed by Thermal Supply of Harlingen, Inc., against Rio Refrigeration Company, a Texas Corporation. The suit was on an account for goods, wares and merchandise furnished Coastal Refrigeration Service, a co-partnership composed of Tony Doster and Archie A. Henager, by United Supply Company. Thermal Supply has succeeded to all rights of United Supply Company. Thermal Supply alleged that appellant, Rio Refrigeration Company, had, by written contract with Coastal Refrigeration, agreed to pay this account. Appellant filed a third-party action for judgment over against Doster and Henager, but only Doster was served with citation. After a trial before the court, judgment was rendered against appellant for $2,161.35, the full amount of the account, plus interest and $750.00 attorney's fees. Appellant was denied any recovery against Doster, but has not briefed any points against him.

Appellant presents three points: 1. The contract whereby appellant purchased the assets of Coastal Refrigeration and assumed its debts was ultra vires; 2. The contract was breached by Coastal Refrigeration by Doster's failure to comply with his agreement to work for appellant for five years; and 3. Thermal Supply is not entitled to recover attorney's fees.

Findings of fact and conclusions of law were not filed by the trial court and it is presumed that the trial court found every issuable fact proposition necessary to support the judgment which is supported by evidence. McDonald, Texas Civil Practice, § 1610(d). It is our duty to examine the evidence in the light most favorable to appellee and indulge every reasonable inference in favor of the judgment. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696.

For some time prior to June 18, 1958, Coastal Refrigeration had purchased parts and supplies from United Supply on open account, and on that date owed $2,161.-35. Both Coastal Refrigeration and Rio Refrigeration were in the business of selling and servicing refrigeration and air-conditioning units. On June 18, 1958, a written contract was entered into between these parties whereby Rio Refrigeration bought all the business of Coastal Refrigeration, including three trucks, all of Coastal's inventory of parts, supplies and tools, all office equipment and accounts receivable. As part consideration, Rio Refrigeration assumed payment of all of Coastal's accounts payable, specifically including the one sued on herein. As a part of the contract, Doster was employed and accepted employment as Rio Refrigeration's service manager for a period of five years. The contract contained a provision whereby this employment could be terminated by either party on sixty days notice. A copy of this contract was delivered to United Supply, which shortly thereafter made demand upon Rio Refrigeration for payment of the account. Rio Refrigeration took possession of all assets and the contract proceeded without incident until early in May, 1959, when Doster's employment contract was terminated.

Rio Refrigeration was incorporated in 1948, for the purpose of buying and selling goods, wares and merchandise of any description by wholesale and retail. It has never adopted the Texas Business Corporation Act enacted in 1955, which by Art. 2.04, Vernon's Ann.Civ.St. abolished the defense of ultra vires. It is our opinion, however, that this defense is here without merit. It is not ordinarily necessary for the conduct of a corporation's business that it lend its credit to another business, and in the absence of an express charter power, a corporation has no right to stand as surety

or guarantor for the debt of another. L. G. Balfour Co. v. Gossett, 131 Tex. 348, 115 S.W.2d 594; Cameron County Lumber Co. v. Al & Lloyd Parker, Inc., 122 Tex. 487, 62 S.W.2d 63. Here the contract was of direct and material benefit to appellant, in that it eliminated a competitor and purchased parts, supplies and equipment used in appellant's business. The law is well settled that in all grants of corporate powers there exist not only the powers expressly granted, but also such implied powers as are necessary or reasonably appropriate to the exercise of those powers expressly granted. L. G. Balfour Co. v. Gossett, supra; 14 Tex.Jur.2d, § 417. It is our view that the powers granted appellant would include the power to assume payment of Coastal's account with United Supply as partial consideration for the assets purchased from Coastal.

In any event, appellant is estopped to assert the defense of ultra vires in that it had operated under and attained the benefits of the contract. Kincheloe Irr. Co. v. Hahn Bros. & Co., 105 Tex. 231, 146 S.W. 1187; Religious Films v. Potts, Tex.Civ. App., 197 S.W.2d 592; Temple Lumber Co. v. Miller, Tex.Civ.App., 169 S.W.2d 256.

■ Appellant asserts that the contract was repudiated by Doster when he left its employment, and there was no consideration for the payment of this account. The trial court impliedly found, in rendering judgment for Doster on appellant's third-party action, that the contract was not repudiated by Doster, and there is evidence to support this finding. Doster testified that he was dissatisfied in that he was not receiving his agreed commission and had difficulty cashing the salary checks issued by appellant. Appellant's president testified that Doster lacked confidence in his ability as manager. The trial court impliedly found that the employment was terminated by mutual agreement. There was also evidence that appellant had used some of the parts and supplies purchased from Coastal, and at the time of trial still retained some of the

purchased assets, such as the trucks, customer lists, and some refrigeration supplies. We overrule appellant's point that the contract was repudiated.

We sustain appellant's point that Thermal Supply is not authorized to recover its attorney's fees under Art. 2226, Vernon's Ann.Civ.Stats. The Supreme Court in discussing this statute, in Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75, said:

"It has been held that a sworn account is defined according to its popular sense and applies only to transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to *personal* property passes from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing (which may include only one transaction between the parties). It does not mean transactions between parties resting upon special contract."

See also Langdeau v. Bouknight, 162 Tex. 42, 344 S.W.2d 435; McCamant v. Batsell, 59 Tex. 363; Kirkwood & Morgan, Inc. v. Roach, 360 S.W.2d 173; Hicks v. Smith, Tex.Civ.App., 330 S.W.2d 641; Mercantile National Bank at Dallas v. McCullough Tool Co., 250 S.W.2d 870, rev. on other grounds, 152 Tex. 471, 259 S.W.2d 724.

■ In all of the cited cases, it is seen that the right to recover attorney's fees under this statute is strictly construed. Even though the suit in several instances was brought in the form of a sworn account, attorney's fees were not allowed unless a transaction was shown between the parties whereby goods, wares or merchandise was sold. There is no evidence that any of the parts or supplies involved in this account were sold by United Supply to Rio Refrigeration, and the liability of Rio Refrigeration is predicated solely on its contract assuming this debt. In this situation attorney's fees are not recoverable.

The judgment of the trial court is affirmed as to the recovery by Thermal Supply of Harlingen, Inc., against Rio Refrigeration Company for the sum of $2,161.35 only, and recovery is denied for any attorney's fees; and, as so reformed, the judgment is affirmed. Costs are adjudged three-fourths against Rio Refrigeration and one-fourth against Thermal Supply.