**REGAL PROPERTIES, Appellant,**

v.

**Gilbert GREENBERG, Appellee.**

**No. 18863.**

Court of Civil Appeals of Texas, Dallas.

May 27, 1976.

Rehearing Denied June 24, 1976.

Lawrence Fischman, Weil, Craig & Fischman, Dallas, for appellant.

Michael Greenberg, Irving, for appellee.

GUITTARD, Justice.

This case turns on whether the trial court should have rendered judgment for the plaintiff on a ground of recovery established by evidence at the trial but not supported by pleading. We hold that recovery was properly denied.

The action arose out of the lease of a building from Regal Properties to Murfy's Self Service Shoes, Inc. Gilbert Greenberg, president of Murfy's, signed the lease on behalf of the corporation. The lease grants the lessor a lien covering all the lessee's personal property on the premises in the event of default in payment of rent.

Regal sued both Murfy's and Greenberg, alleging that Murfy's vacated the premises before the end of the term and defaulted in the payment of rent and that Greenberg "converted to his own use and benefit" certain merchandise and equipment subject to the lien. Recovery was sought against Murfy's for unpaid rent and other sums alleged to be due under the lease and for foreclosure of the lien, and against Greenberg individually for the value of the property removed from the premises up to the amount of any deficiency remaining.

Evidence at the trial showed that Greenberg caused the property to be removed from the premises and stored in other premises controlled by Murfy's. There was no evidence that Greenberg was acting individually rather than as a corporate officer or that he obtained any individual benefit from any of the property subject to the lien.

The court submitted to the jury at plaintiff Regal's request an issue inquiring whether Greenberg converted "to his own use and benefit" various items of property on the leased premises. The jury answered "No." No issue was submitted inquiring whether the corporation converted the property or whether Greenberg, acting on behalf of the corporation, converted the property for the use and benefit of the corporation.

Plaintiff moved for judgment against Murfy's for the amount of the rent and other charges and also for judgment against Greenberg notwithstanding the jury's answer to the conversion issue. The motion states that this answer was immaterial and should be disregarded because the evidence established as a matter of law that Greenberg removed the property from the premises, and although it also showed that he was acting in his capacity as president of Murfy's, this fact did not relieve him of liability for conversion, but rather established his individual liability as a matter of law. The trial court rendered judgment against Murfy's, but denied recovery against Greenberg, and plaintiff appeals. We affirm.

We need not decide whether the evidence establishes as a matter of law that Greenberg's acts on behalf of the corporation constituted a conversion, or whether as a corporate officer he participated in a conversion by the corporation. The only wrong pleaded against Greenberg was conversion of the property to his own use and benefit. That issue was submitted to the jury at plaintiff's request and the jury's finding was adverse to plaintiff. No issue was tried by implied consent.

After a plaintiff has suffered an adverse verdict on the only cause of action stated in his pleading, to permit him to recover on the theory that a different cause of action has been established as a matter of law would go against elemental considerations of fairness. The office of pleading is to give fair notice of the claim so that the opposing party may have a reasonable opportunity to defend against it. Tex.R. Civ.P. 47; *Christy v. Hamilton,* 384 S.W.2d 795, 796 (Tex.Civ.App.—Amarillo 1964, no writ). Consequently, a litigant is not entitled to plead one cause of action and then recover on a cause of action not pleaded. *Cearley v. Cearley,* 331 S.W.2d 510, 512 (Tex.Civ.App.—Dallas 1960, no writ). We need not speculate on what evidence, if any, Greenberg would have presented if plaintiff had alleged that the conversion was com-

mitted by the corporation and that Greenberg was individually liable because he participated in the tort. He had no occasion to present that evidence because plaintiff never made that claim until after the verdict.

Affirmed.