BUNNETT/SMALLWOOD & COMPANY, Appellant,

v.

HELTON OIL COMPANY, Appellee.

No. 8905.

Court of Civil Appeals of Texas, Amarillo.

Dec. 27, 1978.

Rehearing Granted Jan. 22, 1979.

Gibson, Ochsner & Adkins (Herman Jesko), Amarillo, for appellant.

Aldridge, Harding, Aycock & Actkinson (Charles F. Aycock), Farwell, for appellee.

ROBINSON, Chief Justice.

In a suit on a sworn account, the trial court held that Bunnett/Smallwood & Company was primarily liable for the debt of Monty Corbin to Helton Oil Company on the theory that Helton Oil was a third party beneficiary of Bunnett/Smallwood's contract for the purchase of Corbin Trailer Sales. Bunnett/Smallwood appeals. Reversed and remanded.

Monty Corbin owned Corbin Trailer Sales and Corbin Trucking. Both businesses were heavily in debt. Helton Oil Company was one of Corbin's creditors. Among other things, Helton furnished gasoline and diesel fuel to Corbin's enterprises pursuant to a key stop agreement whereby Corbin and his employees had access to fuel pumps which recorded their purchases on meters activated by their keys.

On July 2, 1975, Monty Corbin dba Corbin Trailer Sales and Bunnett/Smallwood made an agreement for the sale and purchase of certain assets of Corbin Trailer Sales. In consideration for the sale of the business, Bunnett/Smallwood agreed to set up a $75,-000 dissolution account to pay Corbin's creditors. The contract provided:

2. *Purchase Price.*

The purchase price to be paid Seller by Buyer for all the assets set out in Article 1 above, shall be:

a. One hundred (100) shares of letter stock of Bunnett/Smallwood & Co. stock which will be issued on February 1, 1976

if all provisions of this contract have been complied with by Seller; and

b. Seventy-five Thousand and no/100 Dollars ($75,000.00) cash, which will be paid to various creditors of Seller as more fully listed and sworn to by Seller on the attached Exhibit "C". In the event the total liabilities of Seller on date of closing exceed $75,000.00, then any excess liabilities shall be the sole responsibility of Seller. Should Buyer be obligated to assume any such indebtedness of Seller, then Buyer shall offset such amounts against future bonuses or the stock to be issued according to Article 2a above. The offset will be effecuated (sic) by Buyer reducing the number of shares issued at the rate of one (1) share for each $200.00 assumed or paid. The purchase price will be allocated among the various assets according to the various Exhibits made a part hereto.

The attached Exhibit "C" is only an affidavit that the "attached list of creditors and amounts owing them is true and correct as of the date indicated." No list of creditors is attached to the contract.

The testimony shows that in the course of negotiations Corbin had furnished two different lists to Bunnett/Smallwood—a Corbin Trailer list and a Corbin Trucking list. In evidence are a Corbin Trucking accounts payable list dated June 25, 1975, and a Corbin Trailer accounts payable list dated June 30, 1975. Numerous items, including a $5,893.62 debt to Helton Oil, appear on both lists. The debts on the Corbin Trailer list, including certain items written in longhand, total in excess of $90,000. Corbin testified that the actual indebtedness was about $120,000. Bill Jenkins, who was general manager of Corbin Trailer when it was a division of Bunnett/Smallwood, testified that the indebtedness was approximately $150,000.

Bunnett/Smallwood set up the $75,000 dissolution account and paid out all but $339.14 on debts of Corbin. Helton Oil received checks of $1,500, $500 and $258.42 from the dissolution account. The checks were issued on the joint signature of Monty Corbin and Bill Jenkins, representing Bunnett/Smallwood. There is no contention that Corbin complied with all of the provisions of the contract by February 1, 1976. The 100 shares of stock referred to in contract provision 2a were not issued.

The sale was effective July 2, 1975. Late in July, Corbin turned in the diesel key stop keys. Two gasoline keys were retained until September 29, 1975, when they were picked up by Helton Oil. Through June 28, Corbin Trailer owed $5,893.62 to Helton Oil. A charge of $57.20 and a key stop charge of $109.03 were recorded on July 1 and 2 bringing the total balance due to $6,059.85. Between July 2 and October 30 (the final ledger entry), an additional $1,629.88, including key stop items, was charged to Corbin Trailer, Division of Bunnett/Smallwood. During this time, the three checks totalling $2,258.42 were paid to Helton Oil from the dissolution account. An additional $791.05 in payments and $200.00 in credits for refund of key deposits are shown on Helton Oil's records, leaving the balance of $4,440.26. The $791.05 paid by Bunnett/Smallwood covers all purchases beginning July 1 except for certain key stop charges in July, for which Bunnett/Smallwood denies liability, and one $1.40 item which it agrees it owes.

On November 14, 1975, Helton Oil filed suit on a sworn account of $4,440.26 against Monty Corbin, dba Corbin Trailers. The suit did not refer to Bunnett/Smallwood and did not attempt to segregate the charges made after Monty Corbin sold the business. Corbin moved for dismissal, alleging that the account was owed by Corbin Trailer, a Division of Bunnett/Smallwood. On July 23, 1976, Helton Oil filed a first original amended petition to include Bunnett/Smallwood as a defendant. The amended petition was identical to the original petition, except that Bunnett/Smallwood was joined. No other pleadings were filed and no amendments were requested by Helton Oil.

On August 11, 1976, Bunnett/Smallwood filed its original answer, alleging that "each and every item . . . is wholly not just or true . . .." The answer further

alleged that before July 1, 1975, Bunnett/Smallwood had no interest in Corbin Trailer. On November 29, 1976, Bunnett/Smallwood filed a cross action against Monty Corbin for indemnity in the event that Helton Oil recovered any amount from Bunnett/Smallwood.

The case was tried to the court without a jury. When plaintiff sought to introduce testimony that Bunnett/Smallwood had agreed to pay the Corbin debt to Helton, Bunnett/Smallwood objected on the grounds that such testimony was outside the pleadings. The statement of facts shows the following ruling by the court:

THE COURT: I think that the Doctrine of Ater (sic) Pleading by all pleadings on file, will close any arguments. Now, let's get on with the case. Objection overruled.

On September 15, 1977, the trial court granted judgment to Helton Oil for $4,440.26, the debt on the account, plus $442.15 interest and $1,500 attorney's fees. The court found that Bunnett/Smallwood was the primary obligor on the debt and that in the event Helton Oil recovered any amount of the judgment from Monty Corbin, Corbin would be entitled to indemnity and contribution from Bunnett/Smallwood. The court made the following findings of fact:

(1) By its written contract with Monty Corbin, Bunnett/Smallwood Company agreed to assume the entirety of the indebtedness owed by Monty Corbin to Helton Oil Company.

(2) Monty Corbin and Bunnett/Smallwood Company both intended, upon entering into such contract, that the same would inure to the benefit of Helton Oil Company.

(3) Helton Oil Company accepted the contract of Bunnett/Smallwood Company and Monty Corbin.

(4) By its refusal to pay the entirety of Monty Corbin's debt to Helton Oil Company, Bunnett/Smallwood Company breached its contract with Monty Corbin and the third party beneficiary promise made therein for the benefit of Helton Oil Company.

(5) The current unpaid balance of Monty Corbin's debt to Helton Oil Company is $4,440.26; interest at 6% per annum to date of judgment is $442.15 and the sum of $1,500.00 would fairly and reasonably compensate Helton Oil Company for attorney fees necessarily incurred and to be incurred in the prosecution and collection of the claim here sued upon.

The trial court concluded, *inter alia*, that "Plaintiff Helton Oil Company's general pleading of debt against defendant Bunnett/Smallwood Company being unchallenged by special exception or written motion, such pleading is accordingly adequate to support proof of Bunnett/Smallwood Company's contract assumption of Monty Corbin's debt to Helton Oil Company."

By numerous points of error, Bunnett/Smallwood challenges, *inter alia*, the sufficiency of the pleadings to support the judgment and the legal and factual sufficiency of the evidence to support the findings of fact by the trial court.

■ Rule 301, Tex.R.Civ.P., provides that the judgment shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. This rule is subject to the limitations of Rule 67, Tex.R.Civ.P., which provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In the absence of express or implied consent, it is not permissible for a litigant to plead one cause of action, and to recover on a different cause of action, not pled. *Regal Properties v. Greenberg*, 538 S.W.2d 190 (Tex.Civ.App.—Dallas 1976, no writ); *Cearley v. Cearley*, 331 S.W.2d 510 (Tex.Civ.App. —Dallas 1960, no writ).

■ In the case before us, plaintiff Helton plead a cause of action based on a sworn account alleging that plaintiff sold and delivered to defendants the goods,

wares, merchandise and/or services described in the attached exhibit. No other cause of action was alleged. We do not find that a cause of action based on a third party beneficiary contract was tried by consent. The record shows that Bunnett/Smallwood timely objected to the evidence and that its objection was overruled by the trial court. It was not required to reiterate the objection thereafter. Where a party makes a proper objection to the introduction of testimony and is overruled, he is entitled to assume that the judge will make the same ruling as to the other offers of similar testimony, and he is not required to repeat the objection. *Crispi v. Emmott*, 337 S.W.2d 314 (Tex.Civ.App.—Houston 1960, no writ); *J. I. Case Threshing Machine Co. v. O'Keefe*, 259 S.W. 222 (Tex.Civ.App.—Amarillo 1924, writ dism'd). *See also, State v. Lock*, 468 S.W.2d 560 (Tex.Civ.App.—Beaumont 1971, writ ref'd n. r. e.).

■ We conclude that the trial court erred in entering judgment on a theory not supported by the pleadings and in overruling Bunnett/Smallwood's objection to evidence that sought to establish an independent agreement by Bunnett/Smallwood to pay the account balance owed by Corbin.

■ For the same reasons, the trial court erred in awarding Monty Corbin indemnity against Bunnett/Smallwood. Corbin pled no cause of action, for indemnity or otherwise, against Bunnett/Smallwood.

■ There is an additional reason why the judgment against Bunnett/Smallwood cannot stand. Assuming that Helton Oil is a third party beneficiary of the contract between Corbin and Bunnett/Smallwood, it acquired no greater rights than the extent of the promises made by Bunnett/Smallwood in the contract. In other words, Helton Oil can only enforce the contract as written. *Casey v. Watts*, 130 S.W.2d 396 (Tex.Civ.App.—Waco 1939, writ dism'd judgmt. cor.). The contract expressly provides that, in the event the total liabilities of Corbin on the date of closing exceed $75,000, then any excess liabilities shall be the sole responsibilities of Corbin. It is undisputed that Corbin's liabilities were greatly in excess of $75,000 and that Bunnett/Smallwood set up the $75,000 dissolution account and virtually exhausted it in payment of Corbin's debts. After considering all of the evidence, we are of the opinion that the evidence is insufficient to support the findings that Bunnett/Smallwood agreed to assume the entirety of the indebtedness owed by Monty Corbin to Helton Oil and that Bunnett/Smallwood breached its contract by its refusal to pay the debt to Helton Oil in its entirety.

■ We next consider Bunnett/Smallwood's contention that the trial court erred in awarding Helton Oil attorney's fees. Under Tex.Rev.Civ.Stat.Ann., art. 2226 (Vernon Supp.1978–1979), attorney's fees are allowable in a suit on a sworn account. However, the trial court did not award judgment against Bunnett/Smallwood on account. The judgment was not for goods sold to Bunnett/Smallwood. *See Rio Refrigeration Co. v. Thermal Supply of Harlingen*, 368 S.W.2d 128 (Tex.Civ.App.—San Antonio 1963, no writ). The court found that the unpaid balance of *Monty Corbin's* debt was $4,440.26 and it rendered judgment against Bunnett/Smallwood on the theory that Bunnett/Smallwood had contracted to pay Corbin's debt. Thus, the liability of Bunnett/Smallwood is predicated on the contract and not on the account, and attorney's fees are allowable only as provided in the contract. *New Amsterdam Casualty Co. v. Texas Industry, Inc.*, 414 S.W.2d 914 (Tex.1967). The contract contains no provision requiring Bunnett/Smallwood to pay attorney's fees. We conclude that the trial court erred in assessing attorney's fees against Bunnett/Smallwood.

For the foregoing reasons, the judgment of the trial court is reversed and the cause remanded to the trial court.

## ON MOTION FOR REHEARING

■ On motion for rehearing, defendant Bunnett/Smallwood correctly contends that Monty Corbin did not perfect an appeal from the judgment rendered against him in the trial court and that that portion of the

trial court judgment became final. *See Maxey v. Citizens National Bank of Lubbock,* 489 S.W.2d 697, 705 (Tex.Civ.App.— Amarillo, *rev'd on other grounds,* 507 S.W.2d 722 (Tex.1974)).

■ For the reasons given in our original opinion, the judgment against Bunnett/Smallwood & Company should be reversed. It appearing to the court that the case was tried on the wrong theory and the evidence not fully developed, we are of the opinion that the interest of justice demands a new trial. *Morrow v. Shotwell,* 477 S.W.2d 538, 541 (Tex.1972).

Accordingly, the cause of action by Helton Oil Company against Monty Corbin d/b/a Corbin Trailers is severed, the judgment against Bunnett/Smallwood & Company is reversed, and the cause of action of Helton Oil against Bunnett/Smallwood & Company is remanded to the trial court.