The STATE of Texas, Appellant,

v.

ESTATE OF Joe R. BROWN,
Deceased, Appellee.

No. 04–90–00137–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 23, 1991.

Susan E. McDonough and David Randell, Asst. Attys. Gen., Collections Div., Austin, for appellant.

Ryan Dyson and William R. Kendall, Kleberg & Head, Corpus Christi, for appellee.

Before BUTTS and CARR, JJ., and GERALD T. BISSETT, Justice, Sitting by Assignment.

OPINION

GERALD T. BISSETT, Assigned Justice [1].

This is an appeal from a judgment of a district court, and is limited to the award of attorney's fees to Jerry J. Brown, Administratrix of the Estate of Joe R. Brown, deceased, hereafter called "appellee." We reverse and render.

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas, pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1988).

Appellee was appointed administratrix of the Estate of Joe R. Brown, deceased, on August 17, 1987, by the county court of Dimmit County, Texas, sitting in probate, hereafter referred to as the "probate court." The inventory, appraisement and list of claims filed by appellee was approved on September 1, 1988. The Comptroller of Public Accounts of the State of Texas, hereafter referred to as the "comptroller," submitted a claim for sales and use taxes in the amount of $421,069.90, claimed to be due and owing by the estate to appellee on September 23, 1988. Appellee filed a memorandum of rejection of the claim on October 1, 1988.

The comptroller filed state tax lien documents in several counties, including Dimmit County, and notified appellee of such filings on or about October 28, 1988. Appellee filed a motion to release state tax liens in the probate court on August 14, 1989, and alleged that the asserted claims by the comptroller were barred because:

Section 313 of the Texas Probate Code requires the Comptroller of Public Accounts for the State of Texas to institute suit on its rejected claim within ninety (90) days after the date the Administratrix rejected the claim. If the Comptroller of Public Accounts fails to institute suit within the ninety (90) days period, Probate Code Section 313 bars claim [sic] of the Texas Comptroller of Public Accounts.

The Attorney General of Texas, on behalf of the State of Texas, filed suit on September 27, 1989, against appellee in a district court of Travis County, Texas, to collect sales and use taxes, interests and penalties allegedly due and owing by the estate. On the same day, an attorney in the comptroller's office filed a motion to dismiss its claim against the estate for unpaid sales and use taxes in an administrative proceeding within the comptroller's organization. Following a hearing (apparently on September 27, 1989), the administrative law judge determined that the estate was not liable to the comptroller for the claimed delinquent sales and use taxes, and issued a ruling to that effect. Neither the Assistant Attorney General, who represented the State of Texas in the Travis County lawsuit, nor the attorney who represented appellee in the probate proceedings knew of the administrative redetermination proceedings or the hearing on September 27, 1989, when suit was filed. Following the administrative judge's decision, the comptroller ordered that all outstanding state sales and use tax liens against the estate be released. Counsel for appellee was notified of that action by the comptroller by letter dated November 10, 1989, wherein copies of the releases "which have been submitted to various county clerks affected by this lien filing" were enclosed. Counsel for appellee was also notified by an assistant attorney general, by letter dated November 14, 1989, that the Travis County lawsuit had been non-suited, and a copy of the order of non-suit, signed by a Travis County district judge, was enclosed.

Appellee's motion to release state tax liens was transferred from the probate court to a district court of Dimmit County, Texas, by order signed on October 24, 1989. A hearing was held on the motion on November 17, 1989. Following the hearing, judgment was signed on November 17, 1989, which in part ordered, adjudged and decreed that the

Respondents be and they are hereby ordered to pay to the Administratrix of the Estate of Joe R. Brown, Deceased, pursuant to Texas Probate Code Section 315(d) and Texas Civil Practice and Remedies Code Section 104.002 and the common law, the sum of $3,500.00, representing reasonable attorneys fees incurred by the Administratrix [sic] rejection by suit and it is further ordered that all costs of this suit be assessed against Respondents.

The State of Texas, in its motion for rehearing, asserted that the award of attorney's fees against it was erroneous because appellee failed to file any pleading praying for attorney's fees, and that "the State is immune from liability for attorney's fees except when that immunity is waived by clear statutory language." The motion was denied, whereupon the State has appealed.

The State contends in its second point of error that the trial court erred in awarding attorney's fees to appellee in the absence of a pleading requesting such award. We agree.

"The Texas Rules of Civil Procedure govern proceedings in probate matters except in those instances in which a specific provision has been made to the contrary." *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 812 (Tex.1983); TEX.R.CIV.P. 2. "The office of pleadings is to define the issues at trial," *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex.1982), and "to give the opposing party information sufficient to enable him to prepare a defense." *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex.1982).

▬ A judgment must be supported by the pleadings and, if not so supported, it is void. *City of Fort Worth v. Gause*, 129 Tex. 25, 101 S.W.2d 221, 223 (1937). A party may not be granted relief in the absence of pleadings to support that relief. *Stoner v. Thompson*, 578 S.W.2d 679, 682, 683–84 (Tex.1979). A judgment, absent issues tried by consent, must conform to the pleadings. *Bunnett/Smallwood & Co. v. Helton Oil Co.*, 577 S.W.2d 291, 294 (Tex. Civ.App.—Amarillo 1978, no writ); *Regal Properties v. Greenberg*, 538 S.W.2d 190, 191 (Tex.Civ.App.—Dallas 1976, no writ); TEX.R.CIV.P. 301; TEX.R.CIV.P. 67. Absent a mandatory statute, a trial court's jurisdiction to render a judgment for attorney's fees must be invoked by pleadings, and a judgment not supported by pleadings requesting an award of attorney's fees is a nullity. *Wolters v. White*, 659 S.W.2d 885, 888 (Tex.App.—San Antonio 1983, writ dism'd); *Ex parte Fleming*, 532 S.W.2d 122, 123 (Tex.Civ.App.—Dallas 1975, no writ).

▬ Appellee's motion to release state tax liens, the live pleadings upon which the court below rendered judgment, does not contain a request for attorney's fees. The State was not present at the hearing, and there is nothing in the record which indicates that the issue of attorney's fees was tried by consent. Moreover, we are unwilling to construe the motion as being suffi-cient to empower the trial court to render a judgment against the State for attorney's fees. It fails to set forth a plaintiff and defendant, states no cause of action, and does not allege a statutory basis upon which a judgment for the recovery of attorney's fees may be based. To hold that the mere filing of the motion is sufficient to support the judgment for attorney's fees would be untenable. *See Cunningham v. Parkdale Bank*, 660 S.W.2d at 813.

Counsel for appellee states in his brief:

[I]n its order denying Motion for Rehearing, the trial court granted an amendment to Appellee's pleadings to conform to the evidence of attorney's fees incurred in connection with defending the attempts by Appellant to impose a tax lien. As a result, Appellee's pleadings conformed to the evidence.

We do not agree with that statement.

The trial court did *not* grant such an amendment in the order denying the State's motion for rehearing. The language which in the order, insofar as attorney's fees are concerned, reads as follows:

[T]his Court may pursuant to Texas Rules of Civil Procedure 66 and 67 permit amendments to the pleadings to conform to the evidence, that the actions taken by the Administratrix of the Estate in defending the attempts by the State of Texas to impose a tax lien necessitated the incurrence of reasonable attorneys fees in connection with the proceedings and management of the Estate; it is therefore ... ordered that the State of Texas be and it hereby is ordered to pay the Administratrix of the Estate of Joe R. Brown, Deceased, pursuant to the Texas Probate Code, The Texas Civil Practice and Remedies Code and the common law, the sum of $3,500.00 originally awarded by this Court's Order on November 17, 1989....

There is no trial amendment in the record before us in this appeal requesting an award of attorney's fees.

Attorney's fees were not recoverable under the common law by a successful party against the unsuccessful litigant. *New*

*Amsterdam Casualty Co. v. Texas Indus., Inc.,* 414 S.W.2d 914, 915 (Tex.1967).

 Counsel for appellee further states in his brief:

Under T.R.C.P. 131 and 141, the Court may, in its discretion, award attorney's fees as costs to a successful litigant. *See, Magids v. American Title Insurance Co.,* 473 S.W.2d 460 [sic], 464 (Tex. Civ.App.—Dallas 1980, no writ). The court properly awarded attorney's fees to Appellee.

Appellee's reliance on the above-mentioned case is misplaced. It is established law in Texas that a claimant seeking an award of attorney's fees must establish a statutory or contractual ground for the award, since attorney's fees may not be awarded on any judicially created basis. *First City Bank–Farmers Branch v. Guex,* 677 S.W.2d 25, 30 (Tex.1984); *New Amsterdam Casualty Co. v. Texas Indus., Inc.,* 414 S.W.2d at 915.

In each of the cases cited by appellee for the proposition that attorney's fees may be taxed as costs, there existed a statutory basis for the award of the "attorney's fees" at issue. In *Magids,* the "attorney's fees" awarded were not the attorney's fees of the successful party sought to be recovered from the unsuccessful party. Rather, the court divided *ad litem* fees equally between the litigants in the suit. The fees in question were awarded to attorneys and guardians *ad litem.* The Texas Supreme Court merely held that the trial court did not abuse its discretion in prorating the attorney and guardian *ad litem* fees *as costs* between the successful and unsuccessful litigants. *Magids v. American Title Ins. Co.,* 473 S.W.2d 460, 468 (Tex.1971). In relying on *Reames v. Reames,* 604 S.W.2d 335 (Tex.Civ.App.—Dallas 1980, no writ), appellee overlooks the fact that TEX. FAM.CODE ANN. § 11.18(a) (Vernon 1986), specifically provides for attorney's fees to be taxed as costs in a suit affecting the parent child relationship. Actually, the *Reames* court denied attorney's fees to either party, stating that the trial court's discretion is limited to awarding the successful party costs under section 11.18(a)

unless good cause is shown. *Reames v. Reames,* 604 S.W.2d at 337. This case provides no support whatsoever for the proposition that a trial court may utilize Rules 131 and 141 to award attorney's fees in the absence of a statute providing for them. There is no statute which provides for attorney's fees under the facts of the present case.

We hold that the judgment of the trial court insofar as it awarded attorney's fees to appellee is void. The State's second point of error is sustained.

Since we reverse the judgment of the court below on the grounds that there are no pleadings to support the judgment award of attorney's fees, and that the court was not empowered to award attorney's fees as costs under the provision of TEX.R.CIV.P. 131 and 141, it is not necessary that we consider the State's remaining points of error.

The judgment is reversed in part, and judgment is here rendered that the appellee take nothing on her claim for attorney's fees and it is ordered that the portion of the judgment which awards attorney's fees to appellee be, and it is hereby, deleted from the judgment.

The judgment is reversed and rendered.