

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00156-CV

**GREEN TREE SERVICING, LLC** and U.S. Bank as Trustee of the Servertis Fund I Trust 2009-2 Grantor Trust Series 2009-2,
Appellants

v.

Eric C. **SANDERS** and Eric M. Sanders,
Appellees

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-TA1-03197
Honorable Larry Noll, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Justice
    Rebeca C. Martinez, Justice
    Luz Elena D. Chapa, Justice

Delivered and Filed:  May 28, 2014

AFFIRMED IN PART; REVERSED AND RENDERED IN PART

Appellants Green Tree Servicing, LLC and U.S. Bank as Trustee of the Servertis Fund I Trust 2009-2 Grantor Trust Series 2009-2 challenge the trial court's judgment granting damages and attorney's fees in favor of appellee Eric M. Sanders.  Because Sanders failed to plead for attorney's fees and because the issue of attorney's fees was not tried by consent, we reverse the portion of the trial court's judgment awarding attorney's fees to Sanders and render judgment that Sanders recover no attorney's fees.  In all other respects, we affirm the judgment of the trial court.

**BACKGROUND**

On March 8, 2006, Eric C. Sanders executed a promissory note ("the Note") in the original principal amount of $118,150 payable to Home123 Corporation. To secure the Note, Eric C. Sanders and his son, Eric M. Sanders, executed a deed of trust granting Home123 Corporation a secured interest in certain real property generally described as 8427 Pigeonberry Drive, Converse, Texas 78109 and more particularly described as Lot 6, Block 47, Escondido Creek Subdivision, Unit 1 ("the Property") and naming Mortgage Electronic Registration Systems, Inc. as the beneficiary nominated by Home123 Corporation. In addition, Eric C. Sanders and Eric M. Sanders executed a 1-4 Family Rider (Assignment of Rents) in which they assigned to "Lender" rents on the Property in the event that the Sanderses were in default.

The Sanders Note was part of an Asset Sale Agreement by and between D.B. Structured Products, Inc., seller, and REO Properties Corporation, seller, and Green Tree Servertis Acquisition LLC, as purchaser. Thereafter, a Pooling Agreement was executed by and between Green Tree Servertis Acquisition LLC, as depositor, Green Tree Servicing LLC, as servicer, and U.S. Bank National Association, as Trustee. Under the terms of the Pooling Agreement, Green Tree Servertis Acquisition LLC agreed to deposit certain mortgage loans to U.S. Bank as Trustee of the Servertis Fund I Trust 2009-2 Grantor Trust Certificates, Series 2009-2. Green Tree is the servicer of the loans that were a part of the trust. The Sanders Note was a part of the deposited loans.

On September 9, 2009, Bexar County, on behalf of various taxing authorities, sued Eric C. Sanders, Eric M. Sanders, and D.B. Structured Products, Inc. to recover delinquent ad valorem taxes on the Property. At the time suit was filed, U.S. Bank owned the Note and had a first priority lien on the Property. U.S. Bank assigned the servicing rights to the Note and deed of trust to Green Tree Servicing. It is undisputed that Green Tree failed to pay the property taxes from the escrow

collected on the Note, and caused the Property to be foreclosed upon. A judgment for the unpaid taxes was awarded to Bexar County and the various taxing authorities on May 10, 2010. A duly noticed tax sale was held on September 7, 2010. The Property was sold to Mr. Babgen Rostomian for $60,000. Because the amount paid for the Property at the tax sale was greater than the taxes owed, the excess proceeds were deposited with the Clerk of Bexar County.

Soon after the tax sale, an attorney for the Sanderses contacted Green Tree to facilitate the redemption process. Because the Sanderses had lost rental profits and incurred expenses due to the foreclosure, demand was made for $9,959.77 in damages and attorney's fees. It was agreed that Green Tree would pay to redeem the Property. Green Tree paid Mr. Rostomian $75,000 to redeem the Property, which included the redemption premium. Mr. Rostomian executed a quitclaim deed to "Eric Sanders" on December 6, 2010. However, because the original deed of trust was signed by both Eric C. Sanders and Eric M. Sanders, both men should have been listed as grantees on the quitclaim deed.

On January 18, 2011, Green Tree Servicing filed its Petition for Distribution of Excess Tax Sale Proceeds. Eric C. Sanders also filed a petition for excess tax sale proceeds, but later non-suited his claim against Green Tree. On August 17, 2011, Green Tree filed a cross-claim against the Sanderses alleging that its interest in the excess proceeds was superior to the Sanderses' interest and seeking a declaration under the Texas Declaratory Judgments Act that: (1) Servertis Fund I Trust 2009-2 Grantor Trust Certificates, Series 2009-2 (the "Trust") is the current owner and holder of the Note; (2) U.S. Bank as Trustee is the Trustee for the Trust; (3) Green Tree is the current servicer of the Note and is authorized to bring this action and to institute any foreclosure proceedings with respect to the Property; (4) the Trust has a current, valid and subsisting lien on the Property; (5) the Trust is entitled to any rents which are being paid on the Property; and (6) Green Tree as servicer is entitled to the excess proceeds.

On August 23, 2011, Eric M. Sanders filed a pro se counterpetition for excess tax sale proceeds and cross-claim for breach of contract. Eric M. Sanders claimed that Green Tree breached the deed of trust by failing to pay the property taxes in a timely manner and causing the Property to be foreclosed, and causing a quitclaim deed to be issued solely to Eric C. Sanders. Sanders sought damages for breach of contract due to the fact that Green Tree caused him to lose his one-half interest in the Property allegedly valued at $125,000. Sanders also alleged that his credit reputation was damaged by Green Tree. After the pro se petition was served, Sanders retained an attorney.

On May 24, 2012, Green Tree filed its Third Amended Cross-claim against the Sanderses and U.S. Bank filed its Second Amended Plea in Intervention against the Sanderses. In this pleading, Green Tree and U.S. Bank sought, in part, a judgment to reform the quitclaim deed, judgment for the funds in the registry of the court, and a declaration that: a) U.S. Bank was the owner and holder of the Note and Trustee of the Trust; b) Green Tree is the servicer of the Note and was authorized to bring this action; c) U.S. Bank has a current, valid security lien on the Property; d) Green Tree and U.S. Bank are entitled to the proceeds in the court registry; and e) Eric C. Sanders defaulted on the Note and Green Tree is entitled to proceed with foreclosure. In its plea in intervention, U.S. Bank requested that the excess proceeds be released to it as the lienholder and that the quitclaim deed be reformed, and also sought declarations under the Declaratory Judgments Act.

A bench trial was conducted over a three-day period in September and October 2012. On the last day of trial, counsel for Sanders requested leave of court to file a trial amendment to plead for attorney's fees. Green Tree and U.S. Bank objected, stating that they were surprised by the trial amendment and that Sanders had had ample opportunity to amend his pleadings prior to trial. After some discussion, the trial court ruled that it would allow the trial amendment, explaining,

"[i]t seems to me this issue has been tried by consent." Sanders' counsel was later permitted to testify regarding attorney's fees, over Green Tree's and U.S. Bank's objection that Sanders did not designate her as an expert. After the bench trial, the trial court rendered a final judgment and ordered that:

a)  U.S. Bank was the first lien holder of the Property on the date of the September 2010 tax sale;
b)  Green Tree was the authorized servicer for U.S. Bank as Trustee on the date of the tax sale;
c)  the quitclaim deed in favor of "Eric Sanders" be reformed to reflect that both Eric C. Sanders and Eric M. Sanders are the grantees and beneficiaries of the quitclaim deed and co-owners of the Property;
d)  U.S. Bank as Trustee is the current first lien holder on the Property;
e)  the note executed by Eric C. Sanders dated March 8, 2006 in the amount of $118,510 payable to Home 123 Corporation be reinstated and that all corporate advances and late charges accruing after September 1, 2010, except for the 2011 and 2012 taxes, be removed from the balance due on the note; and
f)  the note be reinstated effective November 1, 2012 and all payments due from September 1, 2010 through October 31, 2012 be placed at the end of the note with the next payment due on the note for November 1, 2012 (in the amount of $1,102.91).

Finally, the trial court awarded Eric M. Sanders actual damages in the amount of $5,000 and attorney's fees in the amount of $25,000, to be paid from the excess tax sale proceeds in the registry of the court; Green Tree and U.S. Bank were awarded the balance of the funds. Although timely requested, the trial court did not file findings of fact and conclusions of law. Green Tree and U.S. Bank timely appealed.

## DISCUSSION

On appeal, Green Tree and U.S. Bank raise the following issues in which they assert the trial court erred in: (1) granting judgment for actual damages; (2) granting judgment for attorney's fees; (3) failing to enter judgment that Eric C. Sanders was in default on the Note; (4) entering judgment that the Note should be reinstated; (5) entering judgment that the payments owed on the

Note should be placed at the end of the Note; and (6) entering judgment that all corporate advances and late charges accruing after September 1, 2010 be removed from the balance owed on the Note.

*Actual Damages*

Green Tree and U.S. Bank argue that the trial court erred in granting Eric M. Sanders judgment for actual damages in the amount of $5,000 because Sanders failed to provide evidence of damages at trial. They further argue that the judgment cannot be supported under a breach of contract theory because the trial court reformed the quitclaim deed to reflect that Sanders was an owner of the Property, thereby defeating Sanders' claim that Green Tree caused him to lose his interest in the Property.

When a party challenges the legal sufficiency of the evidence to support an adverse finding on which he did not have the burden of proof at trial, the party must demonstrate that there is no evidence to support the adverse finding. *Thornton v. Dobbs*, 355 S.W.3d 312, 315 (Tex. App.—Dallas 2011, no pet.). In our review, we must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). If more than a scintilla of evidence supports the finding, the legal sufficiency challenge fails. *Thornton*, 355 S.W.3d at 315. In a factual sufficiency review, we consider all the evidence and determine whether the evidence supporting the finding is so weak as to be clearly wrong and manifestly unjust. *Id.* The trial court, as factfinder in a bench trial, is the sole judge of the credibility of the witnesses. *Id.*

At trial, Green Tree's corporate representative testified that Green Tree failed to pay the taxes on the Property, thereby causing the Property to be sold at a tax sale. In addition, counsel for Green Tree and U.S. Bank admitted that Green Tree failed to pay the property taxes, thus causing the Property to be sold at the tax sale. The trial court observed that the Sanderses "wouldn't be in this position had those taxes been paid." The record shows that Eric M. Sanders

lost five months of rental income in the amount of $1,000 per month during the period that he was deprived of ownership of the Property. Based on this evidence, we conclude that the trial court had a reasonable basis to calculate damages in the amount of $5,000, and that the damages awarded were reasonable and necessary. *See Qaddura v. Indo–European Foods, Inc.*, 141 S.W.3d 882, 890 (Tex. App.—Dallas 2004, pet. denied) (damages need not be established with mathematical precision). We further conclude that the evidence was legally and factually sufficient to support the damages awarded. In addition, we conclude that Sanders prevailed on his breach of contract claim. Despite Green Tree's and U.S. Bank's argument to the contrary, the reformation of the quitclaim deed did not vitiate Sanders' claim for breach of contract. We therefore overrule Green Tree's and U.S. Bank's first and second issues.

### *Attorney's Fees*

Green Tree and U.S. Bank next contend that the trial court erred in awarding attorney's fees to Sanders. Specifically, they argue that the trial court erred in granting the trial amendment and allowing testimony of attorney's fees because (1) there was a showing of surprise; (2) the issue was not tried by consent; (3) Sanders failed to designate an expert on attorney's fees and to present his claim prior to trial; and (4) Sanders did not prevail on his breach of contract claim. Whether a party is entitled to seek an award of attorney's fees is a question of law that we review de novo. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). An award of attorney's fees is reviewed under an abuse of discretion standard. *See Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996) (orig. proceeding).

It is undisputed that Sanders did not plead for attorney's fees, and his attorney offered no reason why she did not amend the pleadings during the eighteen months she worked on the matter prior to trial. On the last day of trial, however, after all other evidence was presented, his attorney requested leave of court to amend his breach of contract claim to include damages for loss of credit

reputation and recovery of attorney's fees. *See* TEX. R. CIV. P. 66 (permitting trial amendment absent showing of prejudice to objecting party). The trial court allowed the trial amendment over objection by Green Tree and U.S. Bank, ruling that the issue had been tried by consent.

After a review of the record, we conclude the issue of attorney's fees was not tried by consent. Generally, a judgment must conform to the pleadings and proof, and a party may not be granted relief in the absence of pleadings to support it. *See* TEX. R. CIV. P. 301; *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 658-59 (Tex. 2009) (defendant waived right to recover fees under contract by not pleading for attorney's fees under contract and not seeking to amend its pleadings to do so); *Prize Energy Resources, L.P. v. Cliff Hoskins, Inc.*, 345 S.W.3d 537, 569 (Tex. App.—San Antonio 2011, no pet.). A party's unpleaded issue may, however, be deemed tried by consent when evidence on the issue is developed under circumstances indicating that both parties understood the issue was in the case, and the other party fails to make an appropriate complaint. TEX. R. CIV. P. 67; *Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009). To determine whether the issue was tried by consent, the court must examine the record not for evidence of the issue, but rather for evidence of *trial* of the issue. *Marrs & Smith P'ship v. D.K. Boyd Oil & Gas Co.*, 223 S.W.3d 1, 18 (Tex. App.—El Paso 2005, pet. denied). This rule is limited to those exceptional cases where it clearly appears from the record as a whole that the parties tried an unpled issue by consent. *Gutierrez v. Gutierrez*, 86 S.W.3d 721, 729 (Tex. App.— El Paso 2002, no pet.). It is not intended to establish a general rule of practice; it should be applied with care, and never in a doubtful situation. *Marrs & Smith P'ship*, 223 S.W.3d at 18.

Prior to the request for the trial amendment, there was no evidence of attorney's fees before the trial court. The only mention of attorney's fees came during Sanders' testimony, when he stated that he had paid some attorney's fees, and conceded that he had not asked for attorney's fees in his petition. When his attorney attempted to question him about attorney's fees, counsel for

Green Tree and U.S. Bank immediately objected. Because the record before us does not contain evidence that the issue was actually tried by the parties, we cannot agree that this issue was tried by consent. *See id.* Also, Green Tree and U.S. Bank unequivocally objected several times to the amendment for attorney's fees. Green Tree and U.S. Bank repeated their objection when Sanders' counsel testified regarding fees. There is no trial by consent where a party objects to the introduction of evidence. *See Pampell Interests, Inc. v. Wolle*, 797 S.W.2d 392, 395-96 (Tex. App.—Austin 1990, no writ); *Shook v. Republic Nat'l Bank of Dallas*, 627 S.W.2d 741, 750 (Tex. App.—Tyler 1981), *rev'd on other grounds,* 653 S.W.2d 278 (Tex. 1983). Given the repeated objections, we cannot agree that the issue of attorney's fees was tried by consent. *See Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 658 (Tex. App.— Houston [14th Dist.] 2013, no pet.) (issue of attorney's fees was not tried by consent where other side objected); *Stewart A. Feldman & Assocs., L.L.P. v. Industrial Photographic Supply, Inc*., No. 14-01-00249-CV, 2002 WL 31042586, at *7 (Tex. App.—Houston [14th Dist.] Sept. 12, 2002, no pet.) (mem. op.) (same). Because Sanders failed to plead for attorney's fees, and the issue was not tried by consent, we hold the trial court erred in awarding attorney's fees to Sanders. *See Prize Energy*, 345 S.W.3d at 569; *State v. Estate of Brown*, 802 S.W.2d 898, 900 (Tex. App.—San Antonio 1991, no writ) ("a judgment not supported by pleadings requesting an award of attorney's fees is a nullity").

Even assuming that the issue was tried by consent, we nonetheless hold that Sanders' failure to disclose an expert on attorney's fees precludes his recovery of attorney's fees. Rule 193.6 prohibits a party from offering the testimony of a witness who was not timely identified via discovery responses unless there is a lack of unfair surprise or unfair prejudice. *See* TEX. R. CIV. P. 193.6(a)(2). The burden of establishing the lack of unfair surprise or unfair prejudice is on the party seeking to call the witness, and a finding of lack of surprise or prejudice must be supported

by the record. *See id*. R. 193.6(b). Sanders failed to meet this burden. The record reflects that Green Tree served Sanders with requests for disclosure; although Sanders responded, he failed to identify counsel as a testifying expert. *See id*. R. 194.2(f). Accordingly, the trial court abused its discretion in allowing counsel to testify regarding attorney's fees. Without her testimony, there is no evidence to support the award of attorney's fees. Thus, the trial court erred in awarding attorney's fees to Sanders. We therefore reverse the portion of the trial court's judgment awarding Sanders $25,000 in attorney's fees and render judgment that Sanders recover no attorney's fees. As our determination on this issue is dispositive, we need not address the remainder of Green Tree's and U.S. Bank's complaints concerning attorney's fees.

*Judgment*

Next, Green Tree and U.S. Bank make four complaints regarding the judgment: (1) the trial court erred in failing to enter judgment that Eric C. Sanders was in default on the Note, despite testimony from Green Tree's corporate representative that he failed to make payments on the Note due September 1, 2010 through September 1, 2011; (2) the trial court erred in entering judgment that the Note executed by Eric C. Sanders be reinstated; (3) the trial court erred in entering judgment that payments owed on the Note should be placed at the end of the Note; and (4) the trial court erred in entering judgment that all corporate advances and late charges which accrued after September 1, 2010, except for the 2011 and 2012 taxes, be removed from the balance owed on the Note. Green Tree and U.S. Bank maintain that the judgment is not supported by the pleadings because Sanders failed to request that the above declarations be made.

We disagree that Sanders was required to include in his pleadings a request that the trial court make the complained-of declarations when rendering the final judgment. Under the Declaratory Judgments Act, a trial court is empowered to determine the legal rights and legal relationships of the parties. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (West 2008) (the

Declaratory Judgments Act permits parties to seek a declaration of rights, status, or other legal relationship under certain instruments, including deeds); *Transp. Ins. Co. v. WH Cleaners, Inc.*, 372 S.W.3d 223, 227 (Tex. App.—Dallas 2012, no pet.) (same). Green Tree and U.S. Bank sought relief under the Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.003 (West 2008). Although the trial court did not grant them all of the relief they requested, the trial court did make declarations on the issues that they put in to play by asking for a declaration that Eric C. Sanders had defaulted on the Note. Green Tree and U.S. Bank do not cite us to any authority standing for the proposition that the trial court is not authorized to consider and resolve the rights of all the parties under an instrument when declaratory relief is sought by only one party. Because the trial court was authorized to declare "rights, status, or other legal relations" arising under the Note and deed of trust, regardless of whether Sanders pled for such relief, the trial court did not err in making the complained-of declarations based on the evidence presented at trial. *See id*. We therefore overrule Green Tree's and U.S. Bank's complaints regarding the judgment.[1]

### CONCLUSION

We reverse the portion of the trial court's judgment awarding attorney's fees to Sanders and render judgment that Sanders recover no attorney's fees. In all other respects, we affirm the judgment of the trial court.

Rebeca C. Martinez, Justice

---

[1] We additionally note that at trial, counsel for Green Tree and U.S. Bank suggested to the trial court that one way to repair the situation caused by their failure to pay the property taxes was by placing "at the end of the note" "the amounts owed from September 1, 2010 through August 1, 2012," with the Sanderses' "next payment due November 1, 2012." It is thus inequitable for Green Tree and U.S. Bank to now complain about this particular declaration on appeal.