CITY OF FORT WORTH, Appellant,

v.

Charles William HOLLAND, Appellee.

No. 2–87–095–CV.

Court of Appeals of Texas, Fort Worth.

March 31, 1988.

Rehearing Denied April 28, 1988.

Wade Adkins, City Atty. and Terry A. Diveley, Asst. City Atty., Fort Worth, for appellant.

Weaver & Kassabian and David Kassabian, Arlington, for appellee.

Before HILL, FARRIS and LATTIMORE, JJ.

## OPINION

FARRIS, Justice.

The City of Fort Worth appeals a judgment, based upon jury verdict, awarding the appellee property damages sustained as a result of a broken water main. In this case, the appellee relied upon the res ipsa loquitur doctrine to prove the City's negligence.

We reverse the judgment of the trial court and remand this case for new trial because the evidence was insufficient to establish that the City was negligent in failing to properly maintain its water main.

Before addressing the City's points of error complaining that there is alternatively no evidence or insufficient evidence to support the verdict and judgment for the appellee, we must consider the City's first and eleventh points of error.

■ Appellant's first point of error complains of the admission of a substantial part of the evidence offered by appellee in support of his case. Appellee's cause of action is one for damage to his residence which occurred when water from a broken water main cascaded onto the roof of his residence. The appellee introduced evidence of other water main breaks, which occurred in the same neighborhood as his residence. The City challenges the relevancy of the testimony and documentary evidence of the other water main breaks as not relevant. We overrule the City's first point of error because we find that the evidence of the other breaks was relevant and because the City did not timely object and preserve error for our consideration.

The evidence of other broken water mains was relevant because the proof of these similar breaks supported appellee's allegations that the City was negligent in improperly constructing, maintaining, and repairing the water main in question and in maintaining an excessive amount of water pressure on the water main in question. Proof that the City had experienced a number of similar water main failures at or near the water main break in question was relevant to appellee's effort to prove that the City of Fort Worth had not exercised ordinary care because of its actual notice of other failures and because it was a necessary part of appellee's proof in reliance upon the doctrine of res ipsa. Depending upon the facts of a case, evidence of other occurrences similar to that upon which the case is based may be relevant and admissible. *See Missouri–K.–T. R. Co. v. May,* 600 S.W.2d 755, 756 (Tex.1980).

■ Even if we were to agree with the City that the evidence of other water main breaks was extraneous and irrelevant to appellee's cause of action, we would be compelled to overrule the City's first point of error. The City did not preserve that point of error for appellate review because it failed to timely object to offers of testimony and documentary evidence of the other breaks. Three witnesses testified: a neighbor of the appellee; Lee Bradley, Deputy Director of the City of Fort Worth Water Department; and the appellee. Each of the three witnesses testified of other water main breaks, and appellee introduced into evidence City records of reported water main breaks and their repair. Much of the testimony of the other water main breaks was admitted into evidence without objection by the City. At one point the City did request a "running objection to all the questions of that type," but obtained no ruling of the court sustaining its request for a running bill. We recognize there is a line of cases expressing, as a general rule, that a party making a proper objection to the introduction of testimony of a witness, which objection is overruled, may assume that the judge will make a similar ruling as to other offers of similar evidence and is not required to repeat the objection. *See Crispi v. Emmott,* 337 S.W. 2d 314, 318 (Tex.Civ.App.—Houston 1960, no writ). However, we believe that the rule expressed in *Crispi* and cases citing *Crispi* as authority is primarily limited to those instances where the similar evidence is elicited from the same witness. In this case where the appellee produced the testimony of three witnesses and documentary evidence about the other water main breaks, the applicable rule is that the City's objections to such evidence should have

been repeated, and, in the absence of timely objections, any error was waived. *See Badger v. Symon*, 661 S.W.2d 163, 164 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *City of Houston v. Riggins*, 568 S.W.2d 188, 190 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.); *Kelso v. Wheeler*, 310 S.W.2d 148, 150 (Tex.Civ.App.—Houston 1958, no writ). The City's first point of error is overruled.

■ The City's eleventh point of error complains that it was error to submit a res ipsa instruction because an underground water main break is not the type of incident to which the doctrine of res ipsa loquitur should be applied. We overrule the City's eleventh point of error because we find that the doctrine of res ipsa can be used to prove a case involving this sort of facts.

In connection with the submission of the special issue on negligence, the trial court instructed the jury:

> INSTRUCTION: You are instructed that in answering this special issue you may infer negligence by a party, but are not compelled to do so, if you find that the character of the accident was such that it would not ordinarily happen in the absence of negligence *and* if you find that the instrumentality causing the accident was under the management and control of the party at the time the negligence, if any, causing the accident probably occurred. [Emphasis in original.]

The City relies upon the decision in *City of Houston v. Church*, 554 S.W.2d 242 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.), as authority for the proposition that the doctrine of res ipsa loquitur is inappropriate to a case involving a water main break. In *City of Houston v. Church*, the plaintiff sought to recover for damages resulting from a water main break located under the plaintiff's building. The court held that the doctrine of res ipsa loquitur was not applicable because the fact that the water main began leaking under the plaintiff's building was not the character of evidence which would support a reasonable inference that the city was

negligent in causing or permitting the leak to occur. *Id.* at 244.

■ The doctrine of res ipsa loquitur is a rule of evidence which is applicable when two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to be under the defendant's management and control. *Mobil Chemical Company v. Bell*, 517 S.W.2d 245, 251 (Tex.1974). The purpose of res ipsa loquitur is to relieve the plaintiff of the burden of proving a specific act of negligence by the defendant when it is impossible for the plaintiff to determine the sequence of events or when the defendant has superior knowledge or means of information to determine the cause of the accident. *Jones v. Tarrant Utility Co.*, 638 S.W.2d 862, 865 (Tex.1982). "The possibility of other causes does not have to be completely eliminated, but their likelihood must be so reduced that the jury can reasonably find by a preponderance of the evidence that the negligence, if any, lies at the defendant's door." *Mobil*, 517 S.W.2d at 251.

The court's discussion of the res ipsa issue in *City of Houston v. Church* is dictum because the court sustained the alternative determination of the City of Houston's liability based upon the trespass theory, making harmless any error in the res ipsa submission. *Id.* at 246. The facts of the instant case are distinguishable from those of the *City of Houston v. Church*, as reflected in our discussion of the City's points complaining that there was no evidence or insufficient evidence to sustain a jury finding of negligence. Further, the Supreme Court has held that the res ipsa doctrine can be properly applied to a case of this sort. *See Harmon v. Sohio Pipeline Co.*, 623 S.W.2d 314 (Tex.1981) (oil pipeline spill). Appellant's eleventh point of error is overruled.

■ The City's second and fourth points of error complain that there is no evidence to support the jury's finding of negligence and proximate cause. Its third point of error complains that the evidence to sup-

port the jury's finding of negligence is factually insufficient. We overrule the City's second and fourth points of error, but sustain the third point of error, finding that there was not sufficient evidence to support the jury's finding of negligence because the evidence is insufficient to show that the water main break would not ordinarily occur in the absence of negligence—the first factor required to establish a res ipsa proof.

Bradley testified that the City's water department had exclusive control of water mains establishing the second evidentiary requirement of res ipsa. By way of Bradley's testimony and the water department's records of repair, appellee was able to establish that on May 31, 1985, fifteen water main breaks occurred in the City of Fort Worth, and eight of that fifteen, including the one in question, occurred in the appellee's neighborhood. Bradley testified that the eight breaks in the same neighborhood could possibly be tied together and they could have been caused by a number of things including pressure surges. Additional breaks to the same main occurred on June 9 and June 18. The break in question was the second break that day near appellee's residence, with the first break occurring a few feet away. In connection with the earlier adjoining break, the same line was shut off and turned back on approximately two hours and forty-five minutes prior to the break in question. Bradley excluded pressure as the cause of the break because of the manner in which the main fractured, and it was his opinion that the break was caused by corrosion of the water main. However, Bradley admitted that the only way to determine the cause of the break would be to dig up the pipe, which the City never did. Bradley further testified that at no time did the City inspect the break site and that no one qualified to determine the cause of the water main failure examined the site of the break while the broken main was uncovered for repair.

We find there is some evidence of probative force to support the findings of the jury on negligence and proximate cause. See In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951).

An assertion that the evidence is "insufficient" to support a finding of fact can mean that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). We are required to consider all of the evidence in the case in making this determination. See id. Before reversing a case on insufficiency grounds we are directed to detail the evidence relevant to the issue in consideration and clearly state why the jury's finding is factually insufficient or so against the great weight and preponderance as to be manifestly unjust; why it shocks the conscience; or clearly demonstrates bias. Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex.1986).

We have considered all of the evidence and find that too many questions remain unanswered. The only expert testimony on causation was that of Bradley who repeatedly testified that, in his opinion, the break in question resulted from something other than negligence. Bradley's testimony that the probable cause of the break was corrosion went unchallenged by appellees who did not inquire whether corrosion of the water main might in itself be indicative of negligence in its maintenance. There was no evidence of the standard applicable to the maintenance of water mains or their life expectancy under the conditions present in the neighborhood. No attempt was made to prove the age of the water main. Although Bradley testified that a change in pumping direction could have caused a pressure break, there was no follow-up question to determine whether there had been a change of pumping direction. No one was asked how the neighboring broken water mains interconnected. No attempt was made to establish the distance between the neighboring broken water mains. Street addresses and a marked street map were the only evidence of the location of the eight water main breaks.

We find it manifestly unjust to allow the appellee to rely on the doctrine of res ipsa to escape the ordinary burden of proving the City's negligence when appellee re-

peatedly failed to inquire of relevant matters from the witnesses who testified. In failing to ask the questions set out above, appellee has also failed to sufficiently reduce the possibility that the cause of the water main failure was other than negligence. *Mobil*, 517 S.W.2d at 251. The remaining evidence does not afford a reasonable basis for determining that the water main break which caused appellee's loss would not have ordinarily occurred but for the City's negligence. We sustain appellant's third point of error.

The City has raised six other points of error, but none of these points, if sustained, would require that we render judgment for the City, and we will not address them as a part of this opinion.

For the reasons stated the judgment of the trial court is reversed, and this cause is remanded for new trial.