NO. 07-03-0304-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 19, 2004

_____

LINDA HUDDLESTON, APPELLANT

V.

JAMIE LOVVORN, APPELLEE

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 31,881; HONORABLE LEE WATERS, JUDGE

_____

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Linda Huddleston seeks reversal of a judgment awarding appellee Jamie

Lovvorn $23,323.42 for personal injuries sustained during a collision. Presenting two

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

issues, Huddleston contends the trial court erred in (1) disregarding the jury finding that the driver of the vehicle in which Lovvorn was a passenger was 50% responsible for the accident and (2) refusing to reduce the medical expenses awarded to the amount stipulated to have been paid by the Texas Association of Counties. We affirm.

On July 25, 1998, Lovvorn, while in the course and scope of her employment, was riding in an ambulance owned by Hemphill County Hospital District. While in Gray County, the ambulance collided with a vehicle driven by Huddleston and Lovvorn sustained personal injuries. Suit was filed against Huddleston by RSKCo., third-party administrator for the Texas Association of Counties. On the date of the accident Hemphill County Hospital District had in effect a worker's compensation insurance policy issued by the Texas Association of Counties. The jury found Huddleston 50% responsible for the accident and attributed no negligence to Lovvorn.

By her first issue, Huddleston contends the trial court erred in disregarding the jury finding that the driver of the ambulance was 50% responsible for the accident in question. We disagree.

RSKCo. sought to recover the benefits it paid to Lovvorn under its rights of subrogation per section 417.001 of the Texas Labor Code.[2] Because statutes are

---

[2]Effective September 1, 2003, section 417.001(b) was amended to provide in part:

"[t]he insurance carrier's subrogation interest is limited to the amount of the
total benefits paid or assumed by the carrier to the employee or the legal

presumed to be prospective unless expressly made retroactive, and Huddleston does not argue otherwise, we will conduct our analysis based on the provisions of section 417.001 in effect before the amendment effective September 1, 2003. Tex. Gov't Code Ann. § 311.011 (Vernon 1990); National Carloading Corp. v. Phoenix-El Paso Express, 142 Tex. 141, 176 S.W.2d 564, 568 (1943); Hockley Co. Seed & Delint. v. Southwestern Inv. Co., 476 S.W.2d 38, 39 (Tex.Civ.App.--Amarillo 1971, writ ref'd n.r.e.).

Huddleston argues that under section 33.013(a) of the Texas Civil Practice and Remedies Code Annotated (Vernon Supp. 2004), her responsibility is limited to 50%. However, in Varela v. American Petrofina Co. of Texas, 658 S.W.2d 561, 562 (Tex. 1983), the Court held that in a third-party action by an employee, the negligent third party was barred from seeking contribution or indemnity from the employer and the compensation carrier was entitled to reimbursement for all compensation and medical expenses paid. Citing Dresser Industries, Inc. v. Lee, 880 S.W.2d 750 (Tex. 1993), Huddleston argues that the holding in *Varela* was modified. In *Dresser,* it argued that it was entitled to introduce evidence and submit an instruction on a "sole cause" defense.[3] As noted by the Court, Dresser was entitled to show that the negligence of Tyler Pipe Industries "was the sole

---

beneficiary, less the amount by which the court reduces the judgment based on the percentage of responsibility determined by the trier of fact under Section 33.003, Civil Practice and Remedies Code, attributable to the employer.

[3]*See* Dresser Industries, Inc. v. Lee, 821 S.W.2d 406, 408 (Tex.App.--Tyler 1991).

3

cause of Lee's injuries." 880 S.W.2d at 753. Here, however, no issue of sole cause was requested or submitted to the jury.

Further, Argonaut Ins. Co. v. Baker, 87 S.W.3d 526, 531 (Tex. 2002) presented a question of the allowance of subrogation claims in a third-party action. Although chapter 33 of the Civil Practice and Remedies Code was not implicated, in discussing subrogation claims, the Court held that section 417.002 of the Labor Code applies to all subrogation claims to allow the carrier to be reimbursed from a third-party recovery. *Id.* Moreover, because the jury found that Lovvorn's percentage of comparative responsibility was zero, the recovery was not subject to reduction by the trial court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.012(a). Huddleston's first issue is overruled.

By her second issue, Huddleston contends the trial court erred in refusing to reduce the medical expenses awarded to the amount stipulated to have been paid by the Texas Association of Counties. We disagree.

In response to question 3f, the jury found reasonable compensation for medical care in the past to be $16,899.10. Thereafter, the trial court rendered judgment that Lovvorn recover $16,899.10 plus prejudgment interest in the amount of $6,424.32. Huddleston does not present factual or legal sufficiency challenges to the jury finding, but instead contends the jury finding should be disregarded because it is contrary to a stipulation. However, at trial, Lovvorn introduced five notices of filing of medical records affidavits and a notice of filing of medical bills affidavit. Also, Lovvorn introduced exhibit 9 which was a

4

summary of medical bills totaling $16,899.10 and was admitted into evidence without objection by Huddleston. Accordingly, any error in the admission of the summary was not preserved for our review. City of Fort Worth v. Holland, 748 S.W.2d 112, 113 (Tex.App.-- Fort Worth 1988, writ denied). Further, because the summary of the medical expenses was admitted into evidence without any limiting instruction, it could be considered by the jury for all purposes. *See* Tex. R. Evid. 105(a); In re K.S., 76 S.W.3d 36, 40 (Tex.App.-- Amarillo 2002, no pet.).

Huddleston suggests that the parties stipulated that the medical expenses were only $10,218.33; however, according to a pretrial order, the claim of the worker's compensation carrier totaled $16,851.97, which included $6,333.64 identified as indemnity payments. However, Huddleston did not agree to an award in that amount, but preserved all defenses. Moreover, Huddleston did not move to strike the summary of the medical expenses from the record nor request the court to instruct the jury to disregard all or part thereof nor move for a mistrial. Accordingly, absent an adverse ruling from the trial court, nothing is preserved for review. Huddleston's second issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

5