NO. 07-03-0383-CR


NO. 07-03-0384-CR


NO. 07-03-0385-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 24, 2005



______________________________




DAVID MATTHEW LAYTON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 34,435-C, 34,436-C, 34,437-C; HONORABLE PATRICK PIRTLE, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1) 

 In these companion cases, appellant David Matthew Layton was convicted of
aggravated kidnapping and aggravated sexual assault of a child. We affirmed the trial court
conviction in each case. See Layton v. State, No. 07-96-0234-CR, 1997 Lexis 5257 (Tex.
App.-Amarillo Oct. 3, 1997, pet. ref'd); Layton v. State, No. O7-96-O235-CR, 1997 Lexis
5258 (Tex. App.-Amarillo Oct. 3, 1997, pet. ref'd); and Layton v State, No. 07-96-0236-CR,
1997 Lexis 5259 (Tex. App.-Amarillo Oct. 3, 1997, pet. ref'd). Appellant now asserts that
the trial court reversibly erred in denying his motions for post-conviction forensic DNA
testing. For the reasons set out below, we disagree the trial court erred, and we affirm the
trial court's denial of those motions.

 Texas Code of Criminal Procedure article 64.03(a)(2)(A) provides that a trial court
may only order forensic DNA testing if the convicted person establishes by a
preponderance of the evidence that the person would not have been convicted if
exculpatory results had been obtained through DNA testing. Tex. Code Crim Proc. Ann.
art 64.03(a)(2)(A) (Vernon Supp. 2004-05). In advancing his contention that his motions
should have been granted, appellant, for the most part, again challenges in some detail the
legal and factual sufficiency of the evidence to support his conviction. In addition, he
specifically argues that the victims never made a firm identification of him as the culprit and
emphasizes that the State's evidence shows he arrived at the scene of the crimes just after
the commission of the crimes. 

 However, the evidence in these cases was reviewed in somewhat exhaustive detail
in our opinions affirming the convictions, and appellant has not presented any contentions
here that were not within the bounds of our prior discussion of the sufficiency of the trial
evidence. Because of the nature of the evidence sustaining appellant's conviction,
appellant has not borne his burden to show by a preponderance of the evidence that he
would not have been prosecuted or convicted if exculpatory results had been obtained
through DNA testing.

 Accordingly, the trial court's denial of appellant's amended motions for DNA testing
of evidence must be, and are hereby, affirmed in each case.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004-2005). 



jury. 

 Further, Argonaut Ins. Co. v. Baker, 87 S.W.3d 526, 531 (Tex. 2002) presented a
question of the allowance of subrogation claims in a third-party action. Although chapter
33 of the Civil Practice and Remedies Code was not implicated, in discussing subrogation
claims, the Court held that section 417.002 of the Labor Code applies to all subrogation
claims to allow the carrier to be reimbursed from a third-party recovery. Id. Moreover,
because the jury found that Lovvorn's percentage of comparative responsibility was zero,
the recovery was not subject to reduction by the trial court. See Tex. Civ. Prac. & Rem.
Code Ann. § 33.012(a). Huddleston's first issue is overruled.

 By her second issue, Huddleston contends the trial court erred in refusing to reduce
the medical expenses awarded to the amount stipulated to have been paid by the Texas
Association of Counties. We disagree.

 In response to question 3f, the jury found reasonable compensation for medical care
in the past to be $16,899.10. Thereafter, the trial court rendered judgment that Lovvorn
recover $16,899.10 plus prejudgment interest in the amount of $6,424.32. Huddleston
does not present factual or legal sufficiency challenges to the jury finding, but instead
contends the jury finding should be disregarded because it is contrary to a stipulation. 
However, at trial, Lovvorn introduced five notices of filing of medical records affidavits and
a notice of filing of medical bills affidavit. Also, Lovvorn introduced exhibit 9 which was a
summary of medical bills totaling $16,899.10 and was admitted into evidence without
objection by Huddleston. Accordingly, any error in the admission of the summary was not
preserved for our review. City of Fort Worth v. Holland, 748 S.W.2d 112, 113 (Tex.App.--Fort Worth 1988, writ denied). Further, because the summary of the medical expenses
was admitted into evidence without any limiting instruction, it could be considered by the
jury for all purposes. See Tex. R. Evid. 105(a); In re K.S., 76 S.W.3d 36, 40 (Tex.App.--Amarillo 2002, no pet.).

 Huddleston suggests that the parties stipulated that the medical expenses were only
$10,218.33; however, according to a pretrial order, the claim of the worker's compensation
carrier totaled $16,851.97, which included $6,333.64 identified as indemnity payments. 
However, Huddleston did not agree to an award in that amount, but preserved all defenses. 
Moreover, Huddleston did not move to strike the summary of the medical expenses from
the record nor request the court to instruct the jury to disregard all or part thereof nor move
for a mistrial. Accordingly, absent an adverse ruling from the trial court, nothing is
preserved for review. Huddleston's second issue is overruled.

 Accordingly, the judgment of the trial court is affirmed. 

 Don H. Reavis

 Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Effective September 1, 2003, section 417.001(b) was amended to provide in part:


 "[t]he insurance carrier's subrogation interest is limited to the amount of the
total benefits paid or assumed by the carrier to the employee or the legal
beneficiary, less the amount by which the court reduces the judgment based
on the percentage of responsibility determined by the trier of fact under
Section 33.003, Civil Practice and Remedies Code, attributable to the
employer.
3. See Dresser Industries, Inc. v. Lee, 821 S.W.2d 406, 408 (Tex.App.--Tyler 1991).