

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00057-CV

_____

IN THE INTEREST OF A.W., A CHILD

On Appeal from County Court at Law No. 2
Wichita County, Texas
Trial Court No. 12984-JR-F

Before Gabriel, Kerr, and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

Appellant Mark Waggoner[1] (Father) appeals from the trial court's order terminating his parental rights to his daughter, Ann Waggoner. *See* Tex. Fam. Code Ann. § 161.206(a). In a sole issue, Father argues that the trial court abused its discretion by admitting hearsay evidence that he had been indicted for compelling prostitution, for failing to register as a sex offender, and for five counts of sexual assault of a child. We conclude that the trial court did not abuse its discretion by admitting the indictments and affirm the trial court's final order of termination.

Father does not attack the sufficiency of the evidence to support the jury's finding that he violated a conduct ground listed in section 161.001 or to support the jury's finding that the termination of Father's parental rights was in Ann's best interest. *See id.* § 161.001(b). Accordingly, it is enough to state that Ann was removed from Mother[2] and Father's care at the time of her birth based on their prior involvement with appellee the Department of Family and Protective Services (DFPS) regarding Mother's two older children with another man and Mother and Father's

---

[1]We use aliases to refer to the affected child and her family members. *See* Tex. R. App. P. 9.8(a)–(b).

[2]Mother signed an unrevoked relinquishment of her parental rights to Ann, and the jury found that termination of Mother's parental rights was in Ann's best interest. The termination of Mother's parental rights is not at issue in this appeal.

older daughter, Alisa.[3]  Some of DFPS's concerns at removal were that Father was required to register as a sex offender, that Father had fully complied with no offered services at the time Ann was born or at any point thereafter, that DFPS had found reason to believe that Father had inappropriately touched one of Mother's oldest two children, and that Father had been indicted for several sex offenses.

Before the start of the evidentiary portion of Father's termination trial, DFPS offered into evidence several certified court records relating to Father's past indictments for compelling prostitution of a child younger than eighteen, for failing to register as a sex offender,[4] and for five counts of sexual assault of a child.  The trial court admitted the compelling-prostitution and failure-to-register indictments over Father's relevance and hearsay objections.  The trial court sustained Father's objections as to other proffered documents relating to those indictments, including the probable-cause affidavits, and excluded those documents.  Father additionally objected to admission of the sexual-assault indictment on the basis of relevance, which the trial court overruled.  The trial court granted Father a running objection to each admitted indictment.  Father now argues on appeal that the admission of the

---

[3]DFPS removed Alisa from Mother and Father's care before Ann was born, and their parental rights to her were later terminated.  Ann currently is in foster care with the same family that is adopting Alisa.  The foster parents intend to adopt Ann as well.  DFPS also removed Mother's oldest two children before Ann was born.

[4]This indictment alleged that Father was required to register as a sex offender based on his prior conviction for indecency with a child.

certified indictments was an abuse of discretion because they constituted inadmissible hearsay and that he is entitled to a new trial because their use was "so damaging" and were "featured so prevalently."

By arguing only relevance to the trial court when objecting to the sexual-assault indictment, it appears at first blush that Father failed to preserve his appellate hearsay argument. *See* Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Evid. 103(a)(1)(B); *Thomas v. State*, 226 S.W.3d 697, 704–05 (Tex. App.—Corpus Christi–Edinburg 2007, pet. dism'd); *see also Bushell v. Dean*, 803 S.W.2d 711, 711–12 (Tex. 1991) (per curiam) (op. on reh'g). But we conclude that Father did not waive this issue because the other indictments had been admitted over his hearsay objection immediately before the State offered the sexual-assault indictments, allowing Father to assume that the trial court's ruling would be the same and relieving him of the duty to again object on the basis of hearsay to this similar evidence. *See, e.g.*, *Leaird's, Inc. v. Wrangler, Inc.*, 31 S.W.3d 688, 690–91 (Tex. App.—Waco 2000, pet. denied) (op. on reh'g); *Atkinson Gas Co. v. Albrecht*, 878 S.W.2d 236, 243 (Tex. App.—Corpus Christi–Edinburg 1994, writ denied); *City of Fort Worth v. Holland*, 748 S.W.2d 112, 113 (Tex. App.—Fort Worth 1988, writ denied).

Even so, we cannot conclude that the trial court abused its discretion by admitting the indictments over Father's objections. *See generally In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005) (applying abuse-of-discretion standard to review of trial court's decision to admit or exclude evidence at termination trial). The indictments were

public records that "are not excluded by the rule against hearsay." Tex. R. Evid. 803(8). As such, the indictments were admissible over Father's hearsay objection. *See, e.g.*, *T.W. v. Tex. Dep't of Family & Protective Servs.*, No. 03-18-00347-CV, 2018 WL 4100799, at *7 (Tex. App.—Austin Aug. 29, 2018, no pet.) (mem op.) (dictum); *Adi v. Prudential Prop. & Cas. Ins. Co.*, No. 01-03-00063-CR, 2004 WL 1472012, at *3 (Tex. App.—Houston [1st Dist.] July 1, 2004, pet. denied) (mem. op.); *cf. In re J.R.*, No. 02-15-00394-CV, 2016 WL 1267937, at *6 (Tex. App.—Fort Worth Mar. 31, 2016, no pet.) (mem. op.) (holding father's indictment for possession of child pornography admissible as relevant to determinations under section 161.001(b)).

We overrule Father's sole issue and affirm the trial court's final order of termination. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: June 13, 2019